THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 3:11-CV-540-GCM

| | |
|---|---|
| MAUDE FOX WALDEN, ) | |
| ) | |
| Plaintiff, ) | **ORDER GRANTING MOTION TO** |
| ) | **DISMISS BY DEFENDANT** |
| ) | **PFIZER INC.; DAVID M. DEAS, MD;** |
| v. ) | **AND SUBHASH PATEL, MD** |
| ) | |
| PFIZER, INC.; DAVID M. DEAS, MD; ) | |
| SUBHASH PATEL, MD, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Defendants' Motions to Dismiss. The motions are fully briefed and ripe for review. For the reasons stated below, the Motion to Dismiss for lack of subject matter jurisdiction made by Defendant Pfizer, Inc., and incorporated or referenced by Defendants Subhash Patel, MD, and David Deas, MD is **GRANTED**. In the alternative, the Motions to dismiss for failure to state a claim under Fed. R. of Civ. P. 12(b)(6) made by Defendants Pfizer, Inc., Subhash Patel, MD, and David M. Deas, MD are **GRANTED**.

**I. Background**

Plaintiff's complaint alleges she obtained a prescription for, and subsequently began taking, an unidentified amount of Benzodiazepine (also known as "Xanax"), a Pfizer product. Doc. No. 1, p. 2. On or about October 26, 2011, Plaintiff filed the above-captioned action alleging jurisdiction pursuant to 42 U.S.C. § 1983 ("Section 1983") and seeking damages from Pfizer for alleged side effects caused by Xanax. *Id.* Plaintiff's complaint also contains Section 1983 claims against two doctors, co-defendants David J. Deas, M.D. and Subhash Patel, M.D., for damages arising from prescribing Xananx and for allegedly "rejected medical treatments to contain the cause and effect of the withdraw [sic] from the Zanax." *Id.*

## II. Standard of Review for Fed. R. Civ. Pro. R 12(b)(1).

"When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff. In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."

*Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (Internal citations omitted).

## III. Analysis under Fed. R. Civ. Pro. R. 12(b)(1).

A person or entity acts under color of state law "only when exercising power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Polk County v. Dodson,* 454 U.S. 312 at 317–18, 102 S.Ct. 445 at 449 (1981) (quoting *United States v. Classic,* 313 U.S. 299, 326 (1941)). Accordingly, the person or entity being sued under Section 1983 "must either be a state actor or have a 'sufficiently close relationship with state actors' such that a court would conclude that the non-state actor is engaged in the state's actions." *Debauche v. Trani,* 191 F.3d 499, 506 (4th Cir. 1999).

Plaintiff fails to show that the State exercised coercive power over any of the named Defendants or that the State provided significant encouragement to Defendants to conduct the facts alleged in Plaintiff's Complaint. Instead, Plaintiff concludes that damages allegedly caused by the use of a Pfizer product establishes that all named Defendants acted under color of state law. This allegation is insufficient to support jurisdiction under Section 1983 and, therefore, this Court lacks subject matter jurisdiction over Plaintiff's complaint.

## IV. Standard of Review for Fed. R. Civ. Pro. R. 12(b)(6).

In the alternative, Plaintiff's complaint fails to state a claim upon which relief can be granted.

To survive a motion to dismiss, the Plaintiff must make factual allegations which "raise a right to relief above the speculative level" and plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 547 (2007). The Court must view the complaint in the light most favorable to the Plaintiff and take the Plaintiff's allegations as true. *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). The Fourth Circuit requires district courts to construe *pro se* complaints liberally to ensure that valid claims do not fail merely for lack of legal specificity. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

Ensuring that form does not trump substance also requires courts to "look beyond the face of the complaint to allegations made in any additional materials filed by the plaintiff" to determine whether a *pro se* plaintiff can survive a motion to dismiss. *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. 1997) (per curiam) (referencing *Gordon*, 574 F.2d at 1149-1151). However, this liberal construction need not extend to outright advocacy for the *pro se* plaintiff. *Gordon*, 574 F.2d at 1151. *Pro se* plaintiffs, with the assistance of the district court's lenient eye, must still do more than a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (internal citations omitted). Conclusory allegations are "not entitled to be assumed true." *Ashcroft v. Iqbal*, 129 S.Ct 1937, 1951-52 (2009).

To successfully state a claim under Section 1983, Plaintiff must allege two essential elements: (1) the defendant is a person acting under color of state law, and (2) the defendant deprived her of rights guaranteed to her by federal law or the United States Constitution. 42

U.S.C. § 1983; see *also Conner v. Donnelly*, 42 F.3d 220, 223 (4th Cir. 1994); *Henson v. Bethlehem Steel Corp.*, 564 F. Supp. 497, 501 (D. Md. 1983).

### V. Analysis under Fed. R. Civ. Pro. R. 12(b)(6).

Plaintiff's Complaint fails to plead facts sufficient to establish a viable Section 1983 claim. Specifically, Plaintiff's complaint does not set forth what specific "constitutional rights, privileges or immunities have been violated." Doc. No. 1 p. 2. Plaintiff states that Pfizer violated her "constitution [sic] amendment(s)." *Id.* p. 5. Plaintiff claims the unrecognized "right to have adequate medical attention" under the 14th Amendment to, presumably, the United States Constitution. Plaintiff asserts that "Pfizer provides dangerous medication to Doctors that causes life threatening condition that does not provide long term history report to Plaintiff or any other person taking Xanax." *Id.* Plaintiff does not factually assert how such activity violated her constitutional rights and Plaintiff offers nothing more than conclusions to support her purported Section 1983 claim. Plaintiff's conclusory allegations fail to meet the pleading standard articulated by the Supreme Court in *Iqbal* and liberalized with respect to pro se plaintiffs in *Garrett*.

If there is no violation of a federal right, there is no basis for a Section 1983 action. *See Screws v. United States,* 325 U.S. 91, 108 (1945); *Mensh v. Dyer,* 956 F.2d 36, 39 (4th Cir.1991); *Clipper v. Takoma Park,* 876 F.2d 17, 19 (4th Cir.1989); *Fisher v. Washington Metropolitan Area Transit Authority,* 690 F.2d 1133, 1138 (4th Cir.1982); *Street v. Surdyka,* 492 F.2d 368, 371 (4th Cir.1974)*.* Plaintiff fails to identify any constitutional right, or other federal right, protecting her from the alleged conduct. Thus, her Complaint is insufficient to withstand the instant challenge pursuant to Fed. R. Civ. P. 12(b)(6).

## VI. Conclusion

In sum, this Court lacks subject matter jurisdiction over the instant dispute. Additionally, Plaintiff fails to plead sufficient facts to withstand a Motion to Dismiss Pursuant to Fed. R. Civ. P.. 12(b)(6).

**IT IS THEREFORE ORDERED** that the Motions to Dismiss of Defendants Pfizer, Inc.; David M. Deas, MD; and Subhash Patel, MD are hereby **GRANTED**. Accordingly, Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

Signed: August 16, 2012

Graham C. Mullen
United States District Judge